## SAVANNAH RIVER SALES CO. v. McFARLAND.

### (District Court, E. D. Pennsylvania. May 31, 1917.)

### No. 4030.

1. SALES ☞174—REFUSAL TO DELIVER—NONPAYMENT.
    Under a contract for the sale of lumber to be shipped in installments in vessels to be furnished by the buyer, and to be paid for within a specified time after receipt of the bill of lading, the seller was entitled to refuse further deliveries, where the buyer refused to pay for a shipment as it had agreed.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 434.]

2. SALES ☞195—PAYMENT OF PRICE—EXCUSES—ANTICIPATED BREACH.
    The buyer was not justified in refusing to make payment for a shipment because the seller's insistence on the contract being carried out as

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

made led the buyer to believe that the seller would refuse to make further deliveries, thereby breaking the contract, after the time limit expressed in the contract had expired.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 509.]

At Law. Action by the Savannah River Sales Company against James B. McFarland, Jr., trading as the McFarland Lumber Company. On motion by defendant for a new trial. Rule discharged.

C. Alison Scully and Owen J. Roberts, both of Philadelphia, Pa., for plaintiff.

J. Q. Hunsicker, Jr., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The trial of this case resulted in a directed verdict in favor of the plaintiff. This direction, or more accurately speaking, the rulings which preceded it, might well be deemed by the plaintiff to have involved an arbitrary denial of its at least technical rights. This phase of the case, however, affords the defendant no just cause of complaint. It follows that the present motion might be disposed of by dismissing it without further comment. The earnestness with which the motion has been pressed by counsel calls for a statement of the reasons which lead us to the conclusion reached. Before taking up the reasons for a new trial in the order given, an outline statement of the main features of the case of the plaintiff and of the defense may be of aid in reaching the precise appellate questions with which we are concerned. The contract which provoked this litigation was, in substance, one by which the plaintiff agreed to sell and deliver, and the defendant agreed to accept and pay for, a quantity of lumber which, for the purposes of this case, we will state in round figures of 2,000,000 feet. This lumber was to be provided by the plaintiff to be put upon vessels furnished by the defendant. The shipments were to be made from time to time, and each shipment was to be paid for within the specified time after receipt of the bill of lading, and the whole quantity of lumber contracted for was to be thus shipped within the time likewise specified. The price was in like manner predetermined. The defendant's proffer of a contract embodied among its other terms that of a delivery f. o. s. vessel at a designated port. In its acceptance, the plaintiff modified the terms of the proposed contract in this respect by making the place of delivery f. o. s. vessel, but accompanied it with this provision that the loading should be done by it through its employés and at a price named by it. In substantial effect the change made in the contract was one affecting only the price and making the delivery f. o. s. The plaintiff promptly proceeded to carry out its contract in accordance with its terms by loading the first vessel provided for the purpose by the defendant. The defendant refused to fully comply with its part in the contract by making, instead of a full, a partial, payment for the lumber shipped, seeking to excuse, or at least explain, its failure to fully perform by stating that there had not, at that time, been an opportunity to verify the bill of lading as to the quantity and quality of the shipment. A fairly substantial deduction was made from plaintiff's bill to protect the consignee from an insignificant shortage in quantity and quality of the lumber. The plaintiff

refused to acquiesce in this deduction, protesting against it and insisting upon the compliance by the defendant with its contract. In the meantime, however, it had proceeded before this dispute had developed to load the second vessel. Intermediately the consignees had experienced a difficulty in securing vessels to carry the shipments, and anticipated further difficulties and consequent delays in the arrival of vessels in time to take the shipments called for by the contract. In further consequence, they opened negotiations with the plaintiff looking to a modification of the contract in this respect and tendering compensating concessions on their part. The plaintiff at once met these overtures with a statement of its attitude as one of insistence upon the contract as made being carried out, and its unwillingness to change or modify the contract as made in any respect.

Cotemporaneously with these negotiations, the second vessel arrived at its port of destination, and its cargo of lumber was accepted by the defendant. What then came to pass is this: The defendant, evidently assuming that the plaintiff would refuse to deliver lumber after the time limit had expired, and evidently, also, having been advised by counsel that such a refusal would be a breach of the contract as made and put the plaintiff in default, further assumed the right to refuse to pay for the lumber already delivered, payment for which was called for by the contract in order that they might be in a position to recoup themselves for a loss under this anticipated breach of contract by plaintiff. The defendant, in the assertion of what it deemed to be its rights as thus stated, refused to make the payments in accordance with the contract, and demanded of the defendant an extension of the time within which further shipments were to be made. In the meantime the loading of a third vessel had been proceeded with, and the vessel had been partially loaded when the refusal of the consignees to pay came to its climax, and the time limit for further deliveries expired. The plaintiff then at once stopped further deliveries, and declared a breach of the contract by the defendant on the double ground of its refusal to pay for shipments in accordance with the contract and the expiration of the time limit for delivery. The plaintiff took further steps, now of no importance to us, beyond the fact that they resulted in the plaintiff remaining in possession of the lumber which would otherwise have gone to make up the third shipment. They thereupon brought this their action to recover from the defendant the value of the lumber which they claimed to have delivered to the defendant, as set forth in the statement of claim, the lumber loaded upon the three vessels, of which mention has been made. At the trial, they proved the contract as made; proved the delivery of lumber in accordance with the contract embraced in the loads of the first and second vessel, but, for reasons now unnecessary to be discussed, failed to make proof of lumber delivered on board of the third vessel. They proved, also, the failure and refusal of the defendant to make payment of the lumber as delivered in accordance with the contract, and asked for a verdict upon the proposition of law that the failure to pay in accordance with the contract for the lumber as delivered excused them from performance of the contract on their part to furnish further deliveries, and gave

them the right in law to recover on their contract, so far as they had performed.

The defense made was that the plaintiff, by its refusal to extend the time of deliveries called for by the contract, or, as the defendant would doubtless prefer to have its position stated, the plaintiff, by the announcement of its attitude of not intending to make deliveries after the time limit had expired, had breached by anticipation its contract of delivery, and that the defendant had, in consequence, the legal right to defalk its damages from the amount of the plaintiff's claim, and by way of counterclaim to receive a certificate from the jury of its right to have from the plaintiff a sum equal to that in which the amount of the defendant's damages exceeded the plaintiff's claim. The view taken by the trial judge may be expressed in the statement that the jury were directed to find a verdict in favor of the plaintiff for the value of the first and second shipments of lumber. The defendant now complains of this direction, voicing its complaint in 19 stated reasons for a new trial, which, for convenience, may be discussed in the order set forth, bunching such of them as may be discussed together.

1 and 2. The first two reasons may be passed over as purely formal.

3 to 19. The remaining reasons may be bunched as in varying forms of statement, presenting two propositions of law and fact:

(a) The plaintiff had no right to rescind the contract, and because of this, no right to recover for partial performance.

(b) The plaintiff committed a breach of its contract, and defaulted thereon, by reason of which default the defendant was entitled to recover from the plaintiff its damages thereby sustained.

[1, 2] In presenting the point sought to be made at the time of the trial and as urged during the argument at bar, and as reiterated in the paper books, the defendant insists upon and persists in the statement that the plaintiff had refused deliveries wholly and solely upon the ground of the expiration of the time limit for deliveries provided in the contract. The discussion of the legal merits of this defense and the defensive strength of defendant's position is uncalled for, and would be out of place for the reason that the point turns upon a partial statement of the fact situation. The right of the plaintiff to recover is not based upon this right to refuse deliveries after the expiration of the time limit, but upon a denial of the right of the defendant to insist upon performance of the contract on the part of the plaintiff while it (the defendant) was refusing performance on its part; this refusal being based upon the undenied assertion and proof of the fact that it had refused to pay as it had agreed to pay. The position of the plaintiff is supported by the principle expressed in the familiar adage that "he who insists upon having his cake must pay his penny." There is a like fatal failure to recognize the presence of the fact which is embodied in defendant's assertion of its right to enforce a counterclaim against the plaintiff. The merits of this counterclaim as presented by the defendant are also outside of the pale of discussion, because it is founded upon the averment of a breach of contract by the defendant which had not in fact been committed, but was one which had merely a prophetic existence, born of the fact that the defendant thought it foresaw and therefore anticipated would

be committed, and because of this anticipated breach in futuro it itself committed a breach in fact by refusing to make payment for the lumber which had been delivered.

This expresses all which need be said, because it gives full and adequate expression of the theory of fact and law upon which the charge to the jury was based. For the purpose of disposing of the present motion, we see no occasion to follow the subject further than to state that in the view of this court there was no error in this respect in the charge delivered to the jury.

The rule for a new trial is discharged, and the plaintiff has leave to enter judgment on the verdict.